1 BENJAMIN B. WAGNER
United States Attorney
2 KEVIN C. KHASIGIAN
Assistant U. S. Attorney
3 501 I Street, Suite 10-100
Sacramento, CA  95814
4 Telephone:  (916) 554-2700

5 Attorneys for the United States

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    UNITED STATES OF AMERICA, | 2:12-MC-00108-MCE-DAD |
| 12          Plaintiff, | |
| 13      v. | CONSENT JUDGMENT OF FORFEITURE |
| 14    APPROXIMATELY $41,288.75 IN U.S. CURRENCY, SEIZED FROM UMPQUA | |
| 15    BANK ACCOUNT NUMBER 990566705, HELD IN THE NAME OF WALDO | |
| 16    SHACKLEFORD, | |
| 17          Defendant. | |

18

19         Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

20         1.       On September 5, 2012, agents with the Internal Revenue Service -

21 Criminal Investigation ("IRS-CI") executed a Federal seizure warrant at Umpqua Bank

22 located at 700 E Street, Marysville, California. The agents seized approximately

23 $41,288.75 in U.S. Currency from Umpqua Bank Account Number 990566705, held in

24 the name of Waldo Shackleford (hereafter the "defendant funds").  The IRS-CI

25 commenced administrative forfeiture proceedings, sending direct written notice to all

26 known potential claimants and publishing notice to all others.  On or about October 19,

27 2012, the IRS-CI received a claim from Waldo Shackleford asserting an ownership

28 interest in the defendant funds.

                                          1
                                                    Consent Judgment of Forfeiture

1

2

3

4

5

6

7

8

9

2.     The United States represents that it could show at a forfeiture trial that from between January 4, 2012 and June 19, 2012, seventy seven structured currency withdrawals were made from the Umpqua Bank account number 990566705, totaling $750,915. The withdrawals were accomplished after check deposits from Century Nationwide, Inc. were made payable to Olivehurst Recycling. The majority of these withdrawal transactions ranged between $9,000 and $10,000 with none exceeding $10,001. A number of the withdrawals were accomplished by cashing checks from Waldo Shackleford's Umpqua account made payable to "Cash" and signed by Wes E. Shackleford.

10

11

12

13

3.     The United States could further show at trial that consecutive day withdrawals were made at Umpqua Bank approximately twenty four times in amounts just under the $10,000.01 reporting guideline, which if aggregated would exceed $10,000.01.

14

15

16

4.     The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2).

17

18

19

20

21

22

23

24

25

5.     Without admitting the truth of the factual assertions contained in this stipulation, Waldo Shackleford specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Waldo Shackleford agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Waldo Shackleford hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Waldo Shackleford shall hold harmless and indemnify the United States, as set forth below.

26

27

28

6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

2

Consent Judgment of Forfeiture

7.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.     All right, title, and interest of Waldo Shackleford in the defendant Approximately $41,288.75 in U.S. Currency, together with any interest that may have accrued, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

11.     Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

13.     All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  December 20, 2012

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

3

Consent Judgment of Forfeiture